**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 9, 2021**

# In the Court of Appeals of Georgia

A21A0472. KUPRIAN v. THE STATE.

MCFADDEN, Chief Judge.

Joseph Kuprian appeals from his convictions of sexual offenses committed against his minor stepdaughter, challenging the admission of evidence of other sexual offenses and the effectiveness of his trial counsel. But the trial court did not abuse its discretion in admitting the evidence and trial counsel's performance was not both deficient and prejudicial, so we affirm.

1. *Facts and procedural posture.*

Kuprian was charged by indictment with multiple counts of child molestation and other sexual offenses against his two minor stepdaughters, E. H. and E. B. H. He pled not guilty to the charges and was tried before a jury. At trial, E. H. testified that Kuprian was her coach at a cheerleading camp when she was 14 years old; that he

married her and E. B. H.'s mother; and that after the marriage, while the mother was away working as a truck driver, Kuprian sexually abused E. H. by touching her vagina and breasts, putting his mouth on her vagina, putting his penis in her mouth, and having sexual intercourse with her.

The jury found Kuprian guilty of five counts of child molestation of E. H., two counts of aggravated child molestation of E. H., and one count of incest against E. H., but found him not guilty of the charges involving E. B. H. The trial court imposed a total sentence of life plus 150 years. Kuprian's motion for a new trial was denied and this appeal followed.

2. *Other acts of molestation.*

Kuprian contends that under OCGA § 24-4-404 (b) the trial court erred in allowing evidence that he had also sexually molested his stepdaughters after the family moved from Georgia to Kentucky. But such evidence was admissible under OCGA §§ 24-4-413 and 24-4-414.

OCGA § 24-4-413 (a) provides: "In a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant." And OCGA § 24-4-414 (a) provides:

2

"In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant."

> These provisions supersede the provisions of OCGA § 24-4-404 (b) in sexual assault and child molestation cases . . . and create a rule of inclusion, with a strong presumption in favor of admissibility as each provides that such evidence shall be admissible. Thus, the [s]tate can seek to admit evidence under these provisions for any relevant purpose[.]

*Dixon v. State*, 341 Ga. App. 255, 258 (1) (a) (800 SE2d 11) (2017) (citations, punctuation, and footnote omitted).

Here, as Kuprian notes, the trial court instructed the jury that the evidence of other alleged acts of molestation in Kentucky could be considered for the relevant purposes of showing intent or motive. "As there has been no showing that the trial court improperly found that the probative value of the evidence outweighed the danger of unfair prejudice, we hold that the trial court did not abuse its discretion in admitting the other acts of child molestation evidence on this ground." *Frady v. State*, ___ Ga. App. ___ (2) (857 SE2d 260) (2021) (citation and punctuation omitted).

3. *Ineffective assistance of counsel.*

3

Kuprian claims that his trial counsel was ineffective in failing to object to testimony that he committed acts of violence toward E. B. H., that he failed to pay household bills and wrote himself a check for $1,700, and that he did not repay money borrowed from his former boss. To prevail on these claims, Kuprian "must show both that his counsel's performance was professionally deficient and that, but for the unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. We need not review both parts of this test if [Kuprian] fails to prove one of them." *St. Germain v. State*, 358 Ga. App. 163 (1) (853 SE2d 394) (2021) (citation and punctuation omitted). Kuprian has failed to show that his counsel's performance was both deficient and prejudicial.

(a) *Other acts toward E. B. H.*

On cross-examination, defense counsel asked E. B. H. about Kuprian spanking her and whether she had told her mother about the spankings. On re-direct examination, E. B. H. explained that during the spankings Kuprian was trying to hurt her, that he would use a belt to spank her, that one time he held her face and beat her because she would not turn around and let him spank her, and that he had struck her with his hands and objects. Kuprian contends that his counsel was ineffective in failing to object to this re-direct testimony as barred by OCGA § 24-4-404 (b). But

4

the cross-examination of E. B. H. "opened the door to the prosecutor's question[s] on re-direct, which gave her the opportunity to explain [the spankings]." *Moore v. State*, 307 Ga. 290, 300 (6) (b) (835 SE2d 610) (2019). See *Strother v. State*, 305 Ga. 838, 846 (4) (c) (828 SE2d 327) (2019) (although OCGA § 24-4-404 (b) precludes the admission of extrinsic evidence to prove a defendant's character, such evidence is admissible on re-direct examination when defense counsel has opened the door to it during cross-examination). So Kuprian "has not shown that the failure to object [to the re-direct testimony] was deficient." *Moore*, supra.

(b) *Failure to pay bills and repay borrowed money.*

With regard to testimony that Kuprian had not paid some household bills, had written himself a check from a joint account with his wife, and had not repaid borrowed money, Kuprian has not shown a reasonable probability that the outcome of the trial would have been different if counsel had objected to such testimony. Kuprian "therefore [has] failed to show prejudice on this claim of ineffective assistance." *Lupoe v. State*, 300 Ga. 233, 246 (9) (749 SE2d 67) (2016).

*Judgment affirmed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*